T.C. Memo. 2003-300


UNITED STATES TAX COURT


JANET E. LANDERS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3970-03.                    Filed October 29, 2003.


Janet E. Landers, pro se.

C. Teddy Li, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


PANUTHOS, Chief Special Trial Judge:  Respondent determined a deficiency in petitioner's Federal income tax of $2,183 for the 2000 taxable year.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issue for decision is whether petitioner had unreported interest income of $10,255 from the redemption of U.S. savings bonds in taxable year 2000.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulated facts and the related exhibits are incorporated herein by this reference. At the time of filing the petition, petitioner resided in Baltimore, Maryland.

During the year in issue, petitioner redeemed a number of U.S. savings bonds, which had accrued interest of $10,255. Petitioner and her deceased husband had purchased the bonds 20 to 25 years prior to the year in issue. The record is devoid of any evidence regarding (1) the type of U.S. savings bond, (2) whether the bonds were issued at a discount, and (3) whether the bonds were redeemed on their respective dates of maturity.

Petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for the 2000 taxable year (2000 tax return). The return was prepared by petitioner's son. Petitioner did not report having received any Social Security benefits during the 2000 taxable year. Nor did she report any of the $10,255 in interest income resulting from bond redemption.

Respondent issued petitioner a notice of deficiency dated December 23, 2002, determining a deficiency in Federal income tax of $2,183 for the 2000 taxable year. The adjustments in the

notice stem primarily from the unreported bond interest of $10,255.[1]

Petitioner admits that the bond interest of $10,255 was not reported in her 2000 tax return but contends that such interest could have been reported in tax returns for prior taxable years prepared by either her deceased husband or her son. Petitioner did not produce copies of such returns. Petitioner's tax returns for the 1998 through 2000 taxable years did not include any of the $10,255 bond interest.

OPINION

As a general rule, interest received by or credited to the taxpayer constitutes gross income and is fully taxable. Sec. 61(a)(4); sec. 1.61-7(a), Income Tax Regs. In particular, interest on United States obligations--such as U.S. savings bonds--issued on or after March 1, 1941, is fully taxable. Sec. 1.61-7(b)(3), Income Tax Regs. "A taxpayer using the cash receipts and disbursements method of accounting who owns United

---

[1] The notice of deficiency also contains an adjustment to income of $4,281 with respect to taxable Social Security benefits. The adjustment results from an increase in petitioner's "modified adjusted gross income" under sec. 86 due to the inclusion of unreported bond interest of $10,255. The adjustment also relies upon a Form 1099-SSA to assume that petitioner received Social Security benefits of "$14,130" during the 2000 taxable year. However, petitioner disputed this amount by submitting to the Court a revised tax return for the 2000 taxable year which reflected Social Security benefits of "$14,103". We conclude that the amount of Social Security benefits received by petitioner in 2000 was $14,103.

States savings bonds issued at a discount has an election as to when he will report the interest" pursuant to section 454 and the regulations thereunder.[2]  Id.

Generally, the burden of proof is on the taxpayer.  Rule 142(a)(1).  The burden of proof respecting a factual issue may be placed on the Commissioner under section 7491(a) if the taxpayer introduces credible evidence regarding that issue and establishes that the taxpayer complied with the requirements of section 7491(a)(2)(A) and (B) to substantiate items, maintain required records, and fully cooperate with the Commissioner's reasonable requests.  Section 7491 is applicable in the present case.[3] Nevertheless, petitioner has neither taken a position as to whether the burden of proof should be placed on respondent nor established that she complied with the requirements of section 7491(a).  We conclude that the burden remains on petitioner to prove that she did not have unreported interest income of $10,255 during the 2000 taxable year.

The record is clear that petitioner redeemed U.S. savings bonds in 2000 and did not report interest income from the bond redemption in that year.  Petitioner simply contends, without any

[2] Sec. 454(c) deals with series E U.S. savings bonds held at the date of maturity.

[3] Sec. 7491 is effective with respect to court proceedings arising in connection with examinations by the Commissioner commencing after July 22, 1998, the date of enactment of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3001(a), 112 Stat. 726.

substantiation, that such interest could have been reported in tax returns for prior taxable years. She did not produce any evidence that her U.S. savings bonds were issued at a discount or any evidence of an election under section 454. Petitioner's son indicated that, in preparing petitioner's tax returns for the 1998 through 2000 taxable years, he did not report on her behalf any of the $10,255 bond interest. Petitioner's son also acknowledged that he was uncertain about the reporting of interest income on returns for years prior to 1998, which were prepared by petitioner's deceased husband.

Thus, even if it were appropriate to consider the reporting of bond interest in prior years as an offset to the amount required to be reported in 2000, there is nothing in this record to support such a factual finding. Accordingly, we sustain respondent's determination that petitioner had unreported interest income of $10,255 during the 2000 taxable year from the redemption of U.S. savings bonds.

To reflect the foregoing, and as a result of our conclusion that Social Security benefits received were $14,103, an amount less than that determined by respondent,

Decision will be entered under Rule 155.